UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROMEU G. F.[1], | ) |
|                 Plaintiff, | ) ) ) |
| v. | ) Case No. 2:21-cv-280 ) |
| KILOLO KIJAKAZI[2], Commissioner of Social Security, | ) ) ) ) |
|                 Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Romeu F., on September 9, 2021.  For the following reasons, the decision of the Commissioner is **REMANDED.**

*Background*

The plaintiff, Romeu F., filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging a disability onset date of April 20, 2018.  (Tr. 15).  The Disability Determination Bureau denied Romeu F.'s applications initially on January 24, 2020, and again upon reconsideration on March 17, 2020.  (Tr. 15).  Romeu F. subsequently filed a timely request for a hearing on May 15, 2020.  (Tr. 15).  A hearing was held, via telephone, on December 14, 2020, before Administrative Law Judge (ALJ) James E. MacDonald.  (Tr. 15).  Vocational Expert (VE) Mary Andrews also appeared at the hearing.  (Tr. 15).  The ALJ issued an unfavorable decision on February 9, 2021.  (Tr. 15-26).  The Appeals Council denied review

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.
[2] Andrew M. Saul was the original Defendant in this case.  He was sued in his capacity as a public officer. On July 9, 2021, Kilolo Kijakazi became the acting Commissioner of Social Security. Pursuant to **Federal Rule of Civil Procedure 25(d)**, Kilolo Kijakazi has been automatically substituted as a party.

making the ALJ's decision the final decision of the Commissioner.  (Tr. 1-6).

First, the ALJ found that Romeu F. met the insured status requirements of the Social Security Act through December 31, 2023.  (Tr. 15).  At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Romeu F. had not engaged in substantial gainful activity since April 20, 2018, the alleged onset date. (Tr. 17).

At step two, the ALJ determined that Romeu F. had the following severe impairments: obesity, degenerative disc disease of the lumbar spine, mild degenerative joint disease of the bilateral hips, an old fracture deformity of the right clavicle with mild joint space narrowing, right carpal tunnel syndrome, depression, and post-traumatic stress disorder (PTSD).  (Tr. 17). Romeu F. also alleged disability due to asymptomatic varicose veins, right knee pain, and neck pain.  (Tr. 18).  However, the ALJ found that there were no correlating medically determinable impairments which would case those symptoms. (Tr. 18).

At step three, the ALJ concluded that Romeu F. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (Tr. 18-19).

After consideration of the entire record, the ALJ then assessed Romeu F.'s residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to lift, carry, push and pull up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk about 6 hours of an 8 hour workday and sit for about 6 hours of an 8 hour workday with normal breaks. He is unable to climb ladders, ropes, or scaffolds, can frequently balance, and can occasionally climb ramps/stairs, stoop, kneel, crouch, and crawl.  He should avoid all exposure to unprotected heights and moving mechanical parts.  He cannot perform overhead reaching with the right upper extremity but can frequently reach in all other directions.  He can frequently handle, finger and feel with the right upper extremity.  There are no limitations in utilizing the left upper extremity.  The claimant should avoid all exposure to

>vibration.  He can carry out simply tasks with simple work-related decisions and judgments performing these tasks with adequate pace, persistence and concentration in two-hour segments allowing for normal breaks.  He is limited to tasks which are low in stress, such as those that do not involve assembly line work or hourly quotas, but can perform work that has end of day quotas.  He can tolerate occasional interaction with supervisors and coworkers but should avoid interaction with the general public as part of the job duties.  He can tolerate changes in a routine work setting consistent with simple work.

(Tr. 19-20).  After considering the evidence, the ALJ found that Romeu F.'s medically determinable impairments reasonably could have been expected to cause the alleged symptoms. (Tr. 20).  However, he found that the Romeu F.'s statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (Tr. 20).

At step four, the ALJ found that Romeu F. was unable to perform any past relevant work. (Tr. 24).  However, the ALJ found jobs that existed in significant numbers in the national economy that Romeu F. could perform.  (Tr. 24-25).  Therefore, the ALJ found that Romeu F. had not been under a disability, as defined in the Social Security Act, from April 20, 2018, through the date of his decision.  (Tr. 26).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence.  **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive"); ***Moore v. Colvin***, 743 F.3d 1118, 1120–21 (7th Cir. 2014); ***Bates v. Colvin***, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence").  Courts have defined

3

substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098.  A court must affirm an ALJ's decision if the ALJ supported his findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted).  However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act.  The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability.  **20 C.F.R. §§ 404.1520, 416.920**.  The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. §§ 404.1520(b), 416.920(b)**.  If he is, the claimant is not disabled, and the evaluation process is over.  If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. §§ 404.1520(c), 416.920(c)**; *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments).  Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations.  **20**

**C.F.R. § 401, pt. 404, subpt. P, app. 1**. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work. If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. **20 C.F.R. §§ 404.1520(e), 416.920(e)**. However, if the claimant shows that his impairment is so severe that he is unable to engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of his age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f);** *see Biestek v. Berryhill,* 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying her opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Romeu F. has requested that the court remand this matter for additional proceedings. In his appeal, he claims that the ALJ erred in finding that he did not have a medically determinable impairment in his cervical spine, that the ALJ failed to include limitations for his medically determinable cervical spine impairment in the RFC, that the ALJ failed to include specific limitations for impairments in the claimant's left upper extremity despite objective evidence supporting such an impairment, and that the ALJ failed to explain why the right upper extremity was limited to no overhead reaching but that he could still reach in all other directions on a frequent basis. Of the arguments presented, the court finds it necessary to only address the first as the ALJ has committed a clear error.

Romeu F. argues that the ALJ erred when he found that Romeu F.'s neck pain was not a medically determinable impairment and therefore included no limitations in the RFC for his neck or cervical spine issues. The ALJ's conclusion, that "[w]hile the claimant report[ed] experiencing … neck pain, there [wa]s no correlating medically determinable impairments which would [have] cause[d] th[o]se symptoms …" is troubling because the objective medical evidence in the record established a conclusion much to the contrary.

As an initial matter, the Social Security Administration defines a "medically determinable impairment" as one "result[ing] from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." **20 C.F.R. § 404.1521**. Such an impairment must be "established by objective medical evidence from an acceptable medical source." **§ 404.1521**. Romeu F. argues that record contains substantial objective evidence supporting the existence of a severe impairment in the cervical spine. Therefore, he claims, and the court agrees, that by only choosing to discuss evidence that supported his ultimate conclusion, and ignoring evidence that did not, the ALJ engaged in impermissible cherry-picking. See ***Reinaas v. Saul***, 953 F.3d 461, 466 (7th Cir. 2020) (holding that an ALJ "cannot simply cherry-pick facts surrounding a finding of non-disability while ignoring evidence that points to a disability finding").

Prior to the alleged onset date through March 2020, medical records show consistent abnormalities in Romeu F.'s cervical spine including tenderness in the cervical paraspinal muscles, reduced cervical range of motion, weakness in flexion and extension of the neck, and pain with motion of the neck. (Tr. 388, 401, 413, 428, 499, 515, 565, 721, 763). Additionally, in June 2018, Dr. Omar Perez found that Romeu F. experienced pain with his neck's range of motion. (Tr. 780). Then in July 2020, and again in September 2020, Dr. Siraj Arora found

"chronic myofascial changes [] in the cervical thoracic regions." (Tr. 807, 809, 816).  Finally, in Dr. R. Gupta's consultative exam in January 2020, he noted "spinous and paraspinal tenderness in lumbar and cervical region." (Tr. 586).

The Commissioner's response in opposition fails to directly address this argument. Rather, she claims that the ALJ's RFC findings were based on substantial evidence and argues that Romeu F. is unable to cite to any objective evidence that demonstrates greater limitations are warranted.  Despite years' worth of medical records from numerous different doctors finding consistent abnormalities with Romeu F.'s cervical spine, the ALJ found that "there [we]re no medically determinable impairments, including those that [we]re not severe" that could have caused his neck pain.  In coming to that conclusion, the ALJ engaged in impermissible cherry-picking by completely ignoring ample relevant medical records that supported a finding to the contrary. This alone requires remand.

Romeu F. makes other arguments regarding medical opinion evidence and limitations in the RFC including that the ALJ failed to include limitations for his medically determinable cervical spine impairment. The ALJ's failure to properly analyze the medical evidence involving Romeu F.'s cervical spine may alter the view of the RFC once analyzed correctly. Additionally, the ALJ will have the opportunity to revisit Romeu F.'s two other arguments involving his upper left and right extremities on remand.

Based on the foregoing reasons, the decision of the Commissioner is **REMANDED**.

ENTERED this 16th day of August, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge